UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA S. BOWEN,<br><br>  Plaintiff,<br><br>  v.<br><br>YouTube, INC.,<br><br>  Defendant. | Case No. C08-5050FDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

**INTRODUCTION**

Defendant YouTube, Inc. is an internet site to watch and share original videos posted by registered YouTube users. Only registered users of the site may upload videos onto the site and post comments about videos found on the site. To register with YouTube's website, a user is required to agree to YouTube's Terms of Use ("TOU"). (See Decl. of James R. McCullagh, Ex. C, p. 43 TOU ¶¶ 1,2.)

Plaintiff Bowen is a registered user of YouTube.com and, thus, agreed to YouTube's TOU. Plaintiff alleges that on August 18, 2007, certain YouTube users started posting harassing comments on the site directed at her. Bowen acknowledges that YouTube terminated the user accounts that she identified as being associated with the complained-of comments.

ORDER - 1

1   Bowen also alleges that her "intellectual property rights have been repeatedly violated" by
2   others. (Complaint at 2-3.) Bowen does not allege that YouTube failed to comply with any of its
3   obligations under the Digital Millennium Copyrights Act (DMCA), but instead expresses frustration
4   over having to follow the statutorily mandated notice and takedown procedures established by the
5   DMCA. (Complaint at 2-3.)

6   YouTube moves for dismissal on several bases: (1) This Court lacks personal jurisdiction
7   over YouTube; (2) Venue is not proper in this Court because Plaintiff agreed that California is the
8   exclusive forum; (3) YouTube cannot be liable under 42 U.S.C. § 1983 because YouTube does not
9   act under color of state law; (4) Plaintiff fails to state a claim against YouTube for violation of her
10  intellectual property rights; and (5) Plaintiff's claim of negligent infliction of emotional distress is
11  barred by Section 230 of the Communications Decency Act.

12  Plaintiff Bowen responds requesting that this case be transferred to California. Following
13  YouTube's filing a reply, Bowen filed a document in which she reiterates that her change of venue
14  request should be honored. For the reasons stated below, the Court concludes that YouTube's
15  Motion to Dismiss must be granted.

16                              **ANALYSIS AND CONCLUSION**

17  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) addresses the general rules
18  concerning personal jurisdiction and further analyzes the rule with respect to websites. A plaintiff has
19  the burden of demonstrating that a court has jurisdiction over a defendant. *Id.* at 1154. "The general
20  rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and
21  if the exercise of that jurisdiction does not violate federal due process." *Id.* at 1154. "To satisfy due
22  process, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state
23  such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial
24  justice'." *Id.* at 1155. In the Ninth Circuit, the "minimum contacts" test is satisfied when

25       (1) the defendant has performed some act or consummated some transaction within
26  ORDER - 2

the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Id.* All these requirements must be met or a defendant is deprived of due process. *Id.* The *Pebble Beach* court cited its earlier decision in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2000), which in turn cited *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997) "for the proposition that when a 'website advertiser [does] nothing other than register a domain name and post an essentially passive website' and nothing else is done 'to encourage residents of the forum state,' there is no personal jurisdiction." *Id.* at 1157. The Ninth Circuit provided the rationale:

> Why? Because "the objectionable webpage simply was not aimed intentionally at the [forum state] knowing that harm was likely to be caused there," and "[u]nder the effects doctrine, 'something more' was required to indicate that the defendant purposefully directed its activity in a substantial way to the forum state.

*Id.* Thus, the Ninth Circuit summarized emphasizing two points:

> First, there can be no doubt that we still require "something more" than just a foreseeable effect to conclude that personal jurisdiction is proper. [citation omitted] Second, an internet domain name and passive website alone are not "something more," and therefore, alone are not enough to subject a party to jurisdiction.

*Id.* at 1158.

Plaintiff Bowen has not carried her burden of showing that this Court's exercise of its jurisdiction over YouTube is proper. Indeed the TOU that she signed in order to become a registered user of YouTube provides at Paragraph 14:

> You agree that: (i) the YouTube Website shall be deemed solely based in California; and (ii) the YouTube Website shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California. These Terms of Service shall be governed by the internal substantive laws of the State of California, without respect to its conflict of laws principles. Any claim or dispute between you and YouTube that arises in whole or in part from the YouTube Website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County, California.

(McCullagh Decl. Ex. C. P. 49 (TOU ¶ 14.) Bowen's allegations arise from her use of YouTube, and

ORDER - 3

1  no conduct has been alleged to provide the "something more" necessary for rendering YouTube
2  subject to jurisdiction in the Western District of Washington.  Accordingly, on this basis Bowen's
3  cause of action is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(2)(lack of personal
4  jurisdiction).

5  Forum selection clauses "should control absent a strong showing that [they] should be set
6  aside." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991) As one court noted, "While
7  new commerce on the Internet has exposed courts to many new situations, it has not fundamentally
8  changed the principles of contract." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2nd Cir. 2004).
9  Thus, "when a benefit is offered subject to stated conditions, and the offeree makes a decision to take
10 the benefit with knowledge of the terms of the offer, the taking constitutes an acceptance of the
11 terms, which accordingly become binding on the offeree." *Id.* at 403.  The Court concludes that the
12 forum selection clause herein is valid an enforceable.  Additionally, the language of YouTube'forum
13 selection clause is cast in mandatory terms rendering jurisdiction proper only in San Mateo County,
14 California:   "Any claim or dispute between you and YouTube that arises in whole or in part from the
15 YouTube Website **shall be decided exclusively** by a court of competent jurisdiction located in San
16 Mateo County, California."  *See, e.g., Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th
17 Cir. 1987).

18 Plaintiff Bowen has made no allegations that would tend to invalidate the forum selection
19 clause.  A motion to dismiss based on a forum selection clause may be properly viewed as a motion to
20 dismiss for improper venue, Fed. R. Civ. P. 12(b)(3).  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d
21 320, 325 (9th Cir. 1996)(dismissing a claim based on a forum selection clause under Rule 12(b)(3)).
22 While Plaintiff requests that the Court transfer this cause of action to "Santa Clara District Court of
23 California," the Court declines, as dismissal is a proper remedy under the rule, and there appear to be
24 infirmities with Plaintiff's copyright and DMCA claims.

25 ACCORDINGLY,

26 ORDER - 4

1  IT IS ORDERED: YouTube, Inc.'s Motion To Dismiss [Dkt. # 14] is GRANTED and this
2  cause of action is DISMISSED.

3

4  DATED this 15th day of April, 2008.

5

6

7  FRANKLIN D. BURGESS
   UNITED STATES DISTRICT JUDGE

ORDER - 5